**BUY–RITE SELF SERVICE SHOES, INC.,**
Appellant,

v.

**ABILENE NATIONAL BANK, Appellee.**

No. 4283.

Court of Civil Appeals of Texas.

Eastland.

Feb. 21, 1969.

Rehearing Denied March 21, 1969.

Nelson Quinn, Edward E. Cockerell, Asst. City Atty., Abilene, for appellant.

Dan M. Fergus, Abilene, for appellee.

WALTER, Justice.

Buy-Rite Self Service Shoes, Inc., filed suit against Abilene National Bank for actual and exemplary damages resulting from the Bank's alleged wrongful dishonoring of plaintiff's checks, acceleration of the maturity date of its notes and conversion of its funds.

From a summary judgment in favor of the defendant Bank, the plaintiff has appealed.

Plaintiff alleged:

"That on or about the 25th day of November, 1967, the Defendant willfully and maliciously began and continues an unreasonable course of action toward the Plaintiff by indiscriminately refusing to honor

various checks, copies of which are attached hereto and expressly made a part hereof, said checks being duly drawn by Plaintiff depositor; correctly indorsed by the various payees; subsequently presented for payment and dishonored by Defendant Bank by stamping on the said checks 'Balance Held' and/or 'Insufficient Funds.'

Plaintiff would show that at the time of presentment of the above described checks there were on deposit in Plaintiff's account funds equal to or in excess of the amount of the checks presented.

For further cause of action, Plaintiff would show that by letter of December 12, 1967, Defendant Bank informed Plaintiff that FOUR THOUSAND THREE HUNDRED NINETY–EIGHT AND 39/100 ($4,398.39) DOLLARS in Plaintiff's Account was being held to off set Note #2953, Note #1508 and Note #3635 and that such action, except as to Note #1508, was a deliberate and malicious confiscation and conversion of Plaintiff's funds in that:

A. Notes #2953, #3635 and #7080 were current in all respects,

B. Plaintiff was and is solvent; and,

C. The anticipated payment of said notes was in no manner impaired or in jeopardy."

Attached to such petition are nineteen checks in the total amount of $1,864.66.

The Bank pleaded that such checks were returned unpaid because of insufficient funds and that the Bank had no legal obligation to advance any funds to cover these checks when they were presented for payment. The Bank further alleged:

"On December 12, 1967, the Defendant off set the amounts owing on the above listed notes from said checking account, being $4,398.39, which was sufficient to pay said notes in full, because Note No. 1508 was due, that Note No. 2953 had become due under the contractual terms thereof and that installments on Notes No. 7080 and No. 3635 were not paid when due and these balances were accelerated and due and payable."

In the Bank's amended motion for summary judgment it asserts that the affidavit of its President and its sworn answer show that appellant owed a balance on four notes, being notes of May 16, 1967, Sept. 16, 1967, March 26, 1966 and May 23, 1965. We fail to find in the record a note dated May 23, 1965, but apparently the note identified by the Bank President as note #3635 dated May 29, 1965 is the note which the Bank has referred to in its motion as being a note dated May 23, 1965.

In the Bank's amended motion for summary judgment, it attached the President's affidavit in support thereof. He states that on December 12, 1967, the Bank was the holder of four notes executed by appellant. He refers to one note dated March 26, 1966, in the principal sum of $784.00, payable in twenty-three monthly installments on which there was a balance due of $130.80.

In the Bank President's deposition he identified plaintiff's exhibit 30 as a note payable to the bank in the original amount of $784.00, dated March 26, 1966, being note Number 7080 and payable in monthly installments of $32.66. This is apparently the same note he was referring to in his affidavit referred to in the above paragraph. He testified in his deposition that the December payment on this note was made on December 15, 1967, and that the next payment on said note would not be due until January 1, 1968. However, on December 19, 1967, the Bank applied $129.54 from plaintiff's checking account to said note and marked it paid.

When asked by what right the Bank called notes 7080, 3635 and 2953, the President testified, "I might state that we call all of the notes in my letter of December 12, due to anticipated breach, and our belief in good faith that the prospect of payment was impaired." The President said he would have no way of knowing whether

**826**

Buy-Rite Self Service Shoes, Inc. was insolvent or not.

Another note described in the President's affidavit is one for $6,000.00, and he says there was a balance due of $1,222.44 on this note. However, in his deposition he states that the November payment on this note was accepted on December 11th, and that the following payment was due December 15th, and that the schedule of payments appearing on the back of the note shows it was paid on December 15th and that another installment would not be due until the following January 15th, 1968. The Bank applied funds from appellant's checking account and paid this note by off set on December 19th.

Another note described in the President's affidavit is one for $1,000.00 dated September 16, 1967, being numbered 2953 and due on March 16, 1968. The affidavit attached to the original motion for summary judgment asserts the conclusion "that the balance due on the second note was declared due and payable by the Bank under the terms of the note." The note provides; "Holder may accelerate the due date of this instrument and demand immediate payment whenever in good faith he believes that the prospect of payment is impaired."

The fourth note described in the affidavit was dated May 16, 1967, for $2,000.00 due on demand or November 16, 1967.

The Bank recognizes the rule that evidence from an interested witness does no more than raise an issue of fact, but seeks to bring its case under the exception to the general rule. The exception being that in those cases where the evidence is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony, the uncontradicted evidence of an interested witness is sufficient to conclusively establish a fact in a summary judgment case. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Sup.Ct., 1965).

In a summary judgment case the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Company v. Kinsel, 369 S.W.2d 19 (Tex.Sup.Ct., 1963). Likewise, in such cases, the burden of proof is on the movant, and all doubts as to the existence of a genuine issue of a material fact are resolved against him.

We find that the testimony of the interested witness, the Bank President, does not come within the exception to the general rule.

The judgment is reversed and the cause is remanded.